UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE ESTATE OF BETTE DAVIS and CMG WORLDWIDE INC., an Indiana Corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CAUSE NO._____ |
| Vs. | )<br>) |
| ERICKSON BEAMON, LTD., a New York Corporation, | ) 1:12-cv-1687 JMS-DKL<br>) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Come now THE ESTATE OF BETTE DAVIS (the "ESTATE") and CMG WORLDWIDE, INC. ("CMG") (The ESTATE and CMG may hereinafter, from time to time, be collectively referred to as "(Plaintiffs") and for their complaint for damages and injunctive relief as against Defendant ERICKSON BEAMON, LTD. ("Defendant") do hereby state and aver as follows.

**I.     NATURE OF THE ACTION.**

1.     This is an action under all applicable state right of publicity laws throughout the United States, including, but not limited to the Indiana and California right of publicity statutes, with pendant claims for unfair competition common-law trademark infringement under federal law as well as certain claims under Indiana state statute.  Plaintiffs seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief as a result of Defendant's unauthorized and infringing actions as herein complained of.

## II. THE PARTIES.

2. The ESTATE is an unincorporated entity located at 100 State Street, Suite 200, Boston, Massachusetts 02109, and is the exclusive owner of the name, likeness, image, voice, right of publicity and endorsement, trademarks, copyrights, and other intellectual property rights including but not limited to visual and aural depictions, artifacts, memorabilia, and life-story rights of the late internationally recognized movie star, Bette Davis, (hereinafter collectively the "Davis Intellectual Property").

3. CMG is a corporation organized and existing pursuant to the laws of the State of Indiana and located at 10500 Crosspoint Boulevard, Indianapolis, Indiana 46256 and is in the business of representing corporations, organizations, celebrities, and the heirs, families, and estates of deceased celebrities, as their agent for the purpose of licensing to third parties permission to commercially use such corporations' and organizations' designs, trademarks, trade dresses, along with the names, likenesses, voices, rights of publicity, and endorsement, and other rights associated therewith. CMG likewise enforces and protects the Davis Intellectual Property from illegal and unauthorized commercial uses of the Davis Intellectual Property by third party unauthorized users therof.

4. Upon information and belief, Defendant is a corporation organized and existing pursuant to the laws of the State of New York and maintains its principal place of business at 263 Eleventh Avenue, 3rd Floor, New York, New York 10001. Defendant is in the business of designing, manufacturing, marketing, retailing, and distributing jewelry in over 600 stores in seventy-five nations around the world.

## III. JURISDICTION.

5. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the claims in this complaint arise under the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. § 1338 and Ind. Code § 32-36-1-1 *et. seq.*

7. This Court has personal jurisdiction over Defendants, as Defendant has maintained systemic contact with Indiana and committed acts that have caused tortious injury in this judicial district. Specifically, Defendant has conducted business in Indiana via its web site at ericksonbeamon.com and by way of the distribution of goods and / or services in Indiana. In conducting its business in Indiana, Defendants have caused injury by a series of acts performed in Indiana, and has also caused injury in Indiana resulting from a series of acts done outside of the state by conducting and soliciting business in Indiana and deriving substantial benefit from goods and services rendered in Indiana, such as transporting or causing to be transported into Indiana goods, merchandise, services, and / or other materials created or used in violation of Plaintiffs' interests.

8. Likewise, Defendant has caused advertising and / or promotional material created or used in violation of Plaintiffs' interest in and to the Davis Intellectual Property to be published, distributed, exhibited, or disseminated within Indiana.

9. As hereinbefore stated, Defendant maintains a web site (ericksonbeamon.com) by which individuals, corporations, and unincorporated entities around the world, including those in Indiana, can communicate with Defendant and freely review and purchase Defendant's merchandise electronically. Moreover, Defendant's products are sold via distributors and retailers that do business and / or exist in the State of Indiana and / or which distributors and / or retailers of Defendant cause Defendant's goods and / or services, including those herein complained of, to be sold, marketed, advertised for sale, and / or actually offered for sale and

sold in the States of Indiana and California. The exercise of jurisdiction over Defendant is permitted by the Indiana long arm statute, I.C. § 32-36-1-1, and comports with due process.

10. This Court has original, supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. §1367(a) in that such claims are so related to the federal claims asserted that they form part of the same case or controversy.

11. This Court has personal jurisdiction over Defendant pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure because Defendant could be subjected to the general jurisdiction of the courts of the State of Indiana due to its conduct within and affecting the State of Indiana.

12. Venue in this judicial district is proper pursuant to 28 U.S.C. 1391(b)(2) because Defendants have committed a substantial portion of the acts complained of in this judicial district. Additionally, by virtue of its prior business dealings in Indiana, Defendant is an entity that transacts business within the State of Indiana.

### IV. ALLEGATIONS COMMON TO ALL COUNTS.

13. As a consequence of her widely recognized and acclaimed career and the attendant fame and prominence, various commercial rights of substantial value have attached to Bette Davis's name, image, and likeness. These rights are proprietary rights recognized and protected by the common law and state and federal statutes.

14. Pursuant to a written representation agreement between CMG and ESTATE, CMG is the exclusive licensing agent for the Davis Intellectual Property. More specifically, by virtue of the afore-referenced exclusive agency relationship between CMG and the Estate, CMG also has the exclusive right to advertise, market, license, and / or enforce the Davis Intellectual Property by and / or on behalf of the ESTATE.

15. At all times relevant hereto, Defendant was the owner and / or proprietor of the website ericksonbeamon.com (hereinafter the "Website") whereon, without Plaintiffs' express (or otherwise) authorization, the Davis Intellectual Property was used by Defendant to advertise, market, distribute, and / or sell its jewelry products on and / or in connection with the Davis Intellectual Property.

16. More specifically, at all times relevant hereto, Defendant has advertised, marketed, distributed, and / or sold jewelry named "Erickson Beamon green Bette Davis Eyes Ring," "Erickson Beamon Bette Davis Eyes Earrings," "Erickson Beamon Bette Davis Eyes Bracelet," "Erickson Beamon Bette Davis Eyes Crystal Bib Necklace," "Erickson Beamon Bette Davis Necklace," "Erickson Beamon Bette Davis Ring," "Erickson Beamon Bette Davis Eyes Staggered Crystal Panel Collar," "Erickson Beamon Bette Davis Triple Crystal Earrings," and "Erickson Beamon Bette Davis Eyes Cocktail Ring" (collectively referred to hereinafter as the "Unauthorized Merchandise"). See Exhibits 1-8.

17. Upon information and belief, Defendant has been advertising, marketing, distributing, and / or selling the Unauthorized Merchandise, without Plaintiffs' express (or otherwise) approval since at least as early as late 2010.

18. In fact, the Unauthorized Merchandise was available for sale via the Website through the shopping link contained theeron, www.net-a-porter.com, as well as several other online retail stores including but not limited to, www.barneys.com and www.charmandchain.com. See Exhibits 1-8.

19. CMG, acting under the scope of its agreement with the ESTATE, sent a written cease and desist letter to Defendant at 263 11th Avenue 3rd Floor, New York, NY 10001, on September 13, 2011; this correspondence requested Defendant cease and desist any and all use of

the Davis Intellectual Property on and / or in association with its business, including but not limited to the unauthorized use of the name "Bette Davis" and Bette Davis' likeness, on and / or in connection with the Unauthorized Merchandise.  See Exhibit 9.

20. On or about September 28, 2011, Defendant's counsel responded to Plaintiffs acknowledging Plaintiffs' prior correspondence.

21. On October 19, 2011, Defendant, by counsel, advised Plaintiffs that Defendant had agreed to cease all use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise.

22. Despite Defendant's agreement to cease all use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise, on or about December 19, 2011, Plaintiffs learned that Barney's California ("Barneys") still offered the "Erickson Beamon Bette Davis Eyes Crystal Bibs Necklace" for sale in its store located at 9570 Wilshire Boulevard, Beverly Hills, CA 90212.

23. On May 24, 2012, Plaintiffs received accounting information from Defendant; reports show that gross sales for the "Bette Davis Eyes" jewelry totaled One Hundred Sixty Three Thousand Nine Hundred Eighty Dollars ($163,980.00).

24. Defendant does not now have, nor has it ever had, permission from Estate or CMG to commercially exploit the Davis Intellectual Property without the prior express written authorization from Plaintiffs.

25. The unauthorized use of the Davis Intellectual Property as made by Defendant on and / or in connection with the Unauthorized Merchandise as alleged by Plaintiffs herein are uses that Plaintiffs otherwise would have authorized and / or licensed; accordingly, such unauthorized uses are highly injurious to Plaintiffs' collective ability to license and / or enforce the Davis

Intellectual Property to third parties wishing to lawfully use the Davis Intellectual Property and / or against other unauthorized users of the Davis Intellectual Property.

26. The harm suffered by Plaintiffs as a result of Defendant's unauthorized and infringing use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise has resulted in irreparable, immeasurable, and ongoing damages to Plaintiffs for which there is no sufficient remedy at law.

## V. IRREPARABLE HARM.

27. Plaintiffs hereby incorporate by reference as though set forth fully herein, the allegations made in Paragraphs 1. through 40. of this Complaint for Damages and Injunctive Relief.

28. As a result of Defendant's past and continued violation of Plaintiffs' rights to and interest in the Davis Intellectual Property, Plaintiffs have suffered damages, including actual damages (including profits which Defendant has derived from its unauthorized use of the Davis Intellectual Property), treble or punitive damages, attorneys' fees, and costs of suit; moreover, Plaintiffs are entitled to a turnover of all Unauthorized Merchandise, as more fully described herein above, currently possessed by Defendant and / or Defendant's agents, assigns, and / or proxies.

29. As a direct result of Defendant's unauthorized and infringing use of the Davis Intellectual Property, Plaintiffs will be irreparably injured in that actual and potential customers will be misled and confused regarding the source, sponsorship, and origin of Defendant's goods, services, and / or products; as such, consumers will mistakenly believe that Defendant's products which, without authorization, bear the Davis Intellectual Property, or which products are, without

prior authorization, marketed and / or advertised through the use of the Davis Intellectual Property, originate from or are authorized, sponsored, or approved by the ESTATE.

30. Defendant has knowingly and intentionally infringed upon Plaintiffs' exclusive rights in and to the Davis Intellectual Property with intent to unfairly trade on and / or misappropriate the reputation and goodwill of the late Bette Davis, the ESTATE, CMG, and / or the Davis Intellectual Property which is commonly and interchangeably associated with the late Bette Davis and / or and the ESTATE.

31. Plaintiffs' rights (the ESTATE as owner and proprietor of the Davis Intellectual Property and CMG as agent for the ESTATE as to the Davis Intellectual Property) in and to the Davis Intellectual Property have been and will continue to be irreparably harmed by Defendant's wrongful actions unless Defendant is enjoined from such unauthorized and infringing uses of the Davis Intellectual Property.

32. Plaintiffs' remedy of law is inadequate to prevent further violation of its rights by Defendant, which violation is, upon information and belief, continuing unabated despite Defendant's actual knowledge of the wrongfulness of their collective actions in this regard.

## COUNT I
## INDIANA STATE STATUTORY RIGHT OF PUBLICITY

33. Plaintiffs fully incorporate the preceding paragraphs 1. – 32. as if fully set forth herein.

34. Bette Davis is a "personality" as defined by I.C. §32-36-1-6, because, during her lifetime and thereafter, the name, likeness, image, voice, and / or rights of association of the late Bette Davis had and maintains immeasurable commercial value.

35. During her lifetime and thereafter, Bette Davis, herself, and, now, the ESTATE, had and continue to use and / or license for use the Davis Intellectual Property for commercial purposes.

36. As more fully set for the hereinabove, Defendant has willfully, knowingly, maliciously, and / or intentionally used the Davis Intellectual property on and / or in connection with the Unauthorized Merchandise (as defined herein) for commercial purpose in violation of I.C. §32-36-1-8 without first having obtained previous written consent from Plaintiffs to engage in said use.

37. Plaintiffs' rights have been and will continue to be irreparably harmed by Defendant unless Defendant is preliminarily enjoined from further continued unauthorized use of the Davis Intellectual Property.

38. Plaintiffs' remedy at law is inadequate to prevent further violation of their rights.

39. Defendant's violation of the Indiana State Statutory Right of Publicity law has caused CMG and Estate to suffer damages not yet ascertainable in an amount to be proven at trial.

## COUNT II
## CALIFORNIA STATE STATUTORY RIGHT OF PUBLICITY

40. Plaintiffs fully incorporate the preceding paragraphs 1. – 39. as if fully set forth herein.

41. Because the Estate is the sole proprietor of the Davis Intellectual Property, which includes but is not limited to the late Bette Davis' post mortem publicity rights as defined under Cal.Civ.Code 3344, the ESTATE is the real party in interest in and to the Davis Intellectual Property and may duly exercise and enforce these rights pursuant to Cal.Civ.Code §3344.

42.     Because Defendant has used Bette Davis' name, voice, signature, photograph, image, likeness, persona, distinctive appearance, gestures, and / or mannerisms on or in connection with the Unauthorized Merchandise, without Plaintiffs' prior authorization, Defendant violated Cal.Civ.Code §3344.

43.     Defendant has knowingly, maliciously, and intentionally engaged in conduct prohibited by Cal.Civ.Code §3344.

44.     Plaintiffs' rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from further continued use of the Davis Intellectual Property.

45.     Plaintiffs' remedy at law is inadequate to prevent further violation of its rights.

## COUNT III
## OTHER STATUTORY AND COMMON LAW RIGHTS OF PUBLICITY

46.     Plaintiffs fully incorporate the preceding paragraphs 1. – 45. as if fully set forth herein.

47.     Bette Davis was and remains, post humulously, a celebrity with a unique identity and persona that Bette Davis continually commercially exploited during her lifetime and, by her family (the ESTATE), thereafter.

48.     Bette Davis' persona comprises a combination of many features, including but not limited to the high regard and acclaim she received for her performances in a range of film genres, including her greatest successes in romantic dramas, to contemporary crime melodramas to historical and period films and occasional comedies; it is this persona by which Bette Davis is globally recognized and remembered.

49.     Defendant's unauthorized commercial exploitation of the Davis Intellectual Property on and / or in association with the Unauthorized Merchandise constitutes a violation of

applicable statutory and common law rights of publicity in various states throughout the United States assigned to Bette Davis by Bette Davis' family.

50. The ESTATE's rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from the unauthorized and infringing use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise.

51. The ESTATE's remedy of law is inadequate to prevent further violation of its rights.

## COUNT IV
## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

52. Plaintiffs fully incorporate the preceding paragraphs 1. – 51. as if fully set forth herein.

53. The ESTATE owns, and Defendant has and continues to intentionally and maliciously use, in interstate commerce, the Davis Intellectual Property in a manner that is likely to and has caused confusion, mistake, and / or deception in the marketplace as to the origin, sponsorship, or approval of the Unauthorized Merchandise by the ESTATE.

54. Defendant's activities constitute use in interstate and international commerce of a term, name, symbol, or device, or a false designation of origin, or a false or misleading description or representation of fact, which is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of the Unauthorized Merchandise with Bette Davis, and, further, as to the origin, sponsorship, endorsement, or approval of the Unauthorized Merchandise by the ESTATE.

55. Defendant's activities have been willful, deliberate, and intentional, thereby causing a likelihood of confusion, and such uses were likewise done with the intent to trade upon the goodwill and reputation of Bette Davis, the ESTATE, and / or CMG.

56. The ESTATE's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from its exploitative and infringing commercial business practices; to wit, Defendant's unauthorized use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise.

57. The ESTATE's rights have been and will continue to be irreparably harmed by Defendant unless Defendant is enjoined from further use of the Davis Intellectual Property.

58. The ESTATE's remedy of law is inadequate to prevent further violation of its rights.

59. Defendant's activities constitute unfair competition in violation of the Federal Lanham Act, 15 U.S.C. § 1125(A).

## COUNT V
## COMMON LAW UNFAIR COMPETITION

60. Plaintiffs fully incorporate the preceding paragraphs 1. – 59. as if fully set forth herein.

61. Defendant has knowingly, intentionally, and maliciously incorporated and used the Davis Intellectual Property on or in connection with the Unauthorized Merchandise in direct violation of the common law of the State of Indiana.

62. Defendant's actions constitute misappropriation of the Davis Intellectual Property as owned and enforced by the ESTATE and / or CMG.

63. Defendant's actions with regard to Defendant's unauthorized use of the Davis Intellectual Property on or in connection with the Unauthorized Merchandise were taken by Defendant knowingly, willfully, and intentionally and with full knowledge of the proprietary nature of the Davis Intellectual Property as owned, licensed, and protected by the ESTATE and CMG.

64. The ESTATE's business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant should Defendant not be enjoined from Defendant's unauthorized and infringing activities.

## COUNT VI
## UNJUST ENRICHMENT

65. Plaintiffs fully incorporate the preceding paragraphs 1. – 64. as if fully set forth herein.

66. At the expense of and detriment to and without the prior express (or implied) authorization of the ESTATE and / or CMG, the Defendant has been unjustly enriched through their knowing, intentional, willful, and malicious actions of using the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise.

67. Plaintiffs' respective business, goodwill, and reputation have been and will continue to be irreparably harmed by Defendant unless Defendant is preliminarily enjoined from its exploitative and infringing commercial business practices.

68. Plaintiffs' remedy at law is inadequate to prevent further violation of their rights.

## COUNT VII
## CONVERSION

69. Plaintiffs fully incorporate the preceding paragraphs 1. – 68. as if fully set forth herein.

70. Defendant, by engaging in the conduct described above, has exerted unauthorized control over the property of another in violation of I.C. § 35-43-4-3; to wit, the Davis Intellectual Property owned by the ESTATE.

71. Defendant has irreparably harmed Plaintiffs by engaging in conversion as described herein above.

72. Pursuant to I.C. § 34-24-3-1, the ESTATE is entitled to the following: treble damages, costs of the action, reasonable attorneys' fees, actual travel expenses, reasonable amount for loss of time, actual direct and indirect expenses for loss of time, and all other reasonable costs of collection as a result of Defendant's unauthorized, malicious, and intentional use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise.

## COUNT VIII
## DECEPTION

73. Plaintiffs fully incorporate the preceding paragraphs 1. – 72. as if fully set forth herein.

74. By engaging in the conduct as herein described and complained of, Defendant has disseminated to the public products and / or advertisement that Defendant knows are false, misleading, or deceptive, with intent to promote the purchase or sale of the Unauthorized Merchandise.

75. On the basis of Defendant's unlawful and illegal actions as herein complained of, Defendant has committed deception as defined under Indiana law at I.C. § 35-43-5-3(a)(6).

76. Defendants' commission of deception has proximately caused Plaintiffs to suffer damages in a sum as yet to be ascertained but which damages continue to accrue and accumulate.

77. Plaintiffs will continue to be irreparably harmed by Defendant unless Defendant is preliminarily enjoined from its unlawful business practices; to-wit, the unauthorized and infringing use of the Davis Intellectual Property on and / or in connection with the Unauthorized Merchandise by Defendants as more fully complained of herein which constitutes deception under Indiana law.

78. Plaintiffs' remedy at law is inadequate to prevent further violation of their rights.

## COUNT IX
## INDIANA CRIME VICTIMS' ACT

79. Plaintiffs fully incorporate the preceding paragraphs 1. – 78. as if fully set forth herein.

80. Under the Indiana Crime Victims' Act, Ind. Code § 34-24-3-1, a person that suffers pecuniary loss as a result of a violation of Ind. Code § 35-43 *et seq.*, may bring a civil action as against the person who caused the loss for treble damages, costs of the action, and reasonable attorneys' fees.

81. Defendant has violated Ind. Code § 35-43 through its knowing, intentional, willful, and malicious commission of the following offenses: a. "Conversion" as defined in Ind. Code § 35-43-4-3; and b. "Deception" as defined in Ind. Code § 35-43-5-3.

82. Plaintiffs are victims of Defendant's knowing, intentional, willful, and malicious criminal violations of Indiana's Conversion and Deception Acts; and, as a result, Plaintiffs have suffered actual pecuniary damages.

83. Accordingly, under Indiana law, Plaintiffs are entitled to an award of those actual damages as well as statutory treble damages, corrective advertising damages, costs, and reasonable attorneys' fees.

## IV. DEMAND FOR JURY

84. Plaintiffs, each, hereby respectfully request that all issues herein raised by this Complaint for Damages and for Injunctive Relief be tried by Jury.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs THE ESTATE OF BETTE DAVIS ("ESTATE") and CMG WORLDWIDE, INC. ("CMG"), by counsel, Theodore J. Minch, hereby pray for judgment as against Defendant ERICKSON BEAMON ("Defendant"), where said judgment may include but may not necessarily be limited to the following relief:

    a.    An injunction enjoining Defendant from future unauthorized use of the Davis Intellectual Property as herein defined, in whatever form;

    b.    An order directing the immediate and complete surrender to CMG of any and all merchandise, designs, plans, marketing materials, advertisements, conceptuals, etc. that are in the possession of Defendant and / or any of Defendant's agents, assigns, and / or related entities, on and / or in connection with the Davis Intellectual Property has been used;

    c.    An award of all damages owed to Plaintiffs as prescribed by all applicable statutory and/or common law rights of publicity laws throughout the United States, including, but not limited to the Indiana Right of Publicity Statute, the California right of publicity statute, at Common Law, the Lanham Act, and Indiana statute;

    d.    An award of damages, including but not necessarily limited to treble damages, costs, disgorgement of profit, and attorneys' fees as set forth in the applicable statutes in an aggregate amount that is, as yet, undetermined, but which amount continues to accrue; and

    e.    All other just and proper relief in the premises.

Dated: McCordsville, Indiana
November 16, 2012

Respectfully submitted,

*/s/ Theodore J. Minch*
Theodore J. Minch (IN18798-49)
SOVICH MINCH, LLP
Attorneys for the Estate of Bette Davis and CMG Worldwide, Inc.
10099 Chesapeake Drive, Suite 100
McCordsville, Indiana 46055
(317) 335-3601 (t)
(317) 335-3602 (f)
tjminch@sovichminch.com